IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE LINERBOARD ANTITRUST LITIGATION | ) ) ) ) | MDL No. 1261 |
| THIS DOCUMENT RELATES TO: All Actions (Civil Action Numbers 98-5055 and 99-1341) | ) ) ) ) ) ) | |

### ORDER

**AND NOW**, this 27th day of August, 2004, and upon consideration of the Motion and Declaration Under Rule 60(b) Federal Rule of Civil Procedure filed by Imperial Flavors, Inc. (Docket No. 401, filed June 24, 2004) and the Declaration filed by PepsiCo, Inc. (Docket No. 358, ), for the reasons set forth in this Court's Memorandum of May 4, 2004, all of which are incorporated herein by reference, **IT IS ORDERED** that the Motion Under Fed.R.Civ.P. 60(b) filed by Imperial Flavors, Inc. is **GRANTED**.

The decision of the Court is based on the following:

1. In its Notice of Exclusion served in June 2003, PepsiCo, Inc. ("PepsiCo") advised the Court of its intent to exclude from the classes certified by the Court all purchases made by its "subsidiaries, affiliates, predecessors, successors, partners, parents, assigns and/or divisions" pursuant to the Initial Notice of Class Action. Dec. of PepsiCo, Inc. ¶ 2. Included among PepsiCo's listed entities were certain identified "Contract Manufacturers/Tolling Companies" including Imperial Flavors, Inc. ("Imperial Flavors"). Id.

2. According to PepsiCo, Imperial Flavors manufactured and packaged products for PepsiCo's subsidiaries. Id. at ¶ 3. Pursuant to these contracts, certain PepsiCo subsidiaries at

various times purchased corrugated materials for delivery to and use by Imperial Flavors. Id. In opting out these entities from the classes, PepsiCo intended only that purchases made by PepsiCo and/or its subsidiaries be excluded. Id. PepsiCo was unaware that Imperial Flavors had itself purchased corrugated products.

3. PepsiCo learned, after filing a Request for Exclusion on behalf of Imperial Flavors, that Imperial Flavors had in some instances made purchases of corrugated materials for its own use or on behalf of other unrelated companies, which are not actionable by PepsiCo or its subsidiaries. Id. at ¶ 3. PepsiCo stated in its Declaration that it did not intend to exclude from the classes such purchases. Id.

4. Imperial Flavors certified in its Rule 60(b) Motion that it had no involvement in the opt out process and no knowledge it was opted out of the classes. Further, PepsiCo stated in its Declaration that it did not intend to exclude the purchases at issue by Imperial Flavors. Id. at ¶ 5.

**IT IS FURTHER ORDERED** that the following judgments entered in this action are **AMENDED** to remove Imperial Flavors from the Record of Potential Class Members Who Excluded Themselves from the Classes Certified by the Court referenced in those judgments:

a. Order of April 26, 2003, granting Class Plaintiffs' Motion for Final Approval of Settlement Agreement between the Classes and Temple-Inland, Inc. and Gaylord Container Corporation;

b. Order of December 8, 2003, granting Class Plaintiffs' Motion for Final Approval of Settlement Agreement Between the Class and International Paper Company and Union Camp Corporation, Georgia-Pacific Corporation, and Weyerhauser Company; and

    c.        Order of April 21, 2004 granting Class Plaintiffs' Motion for Final Approval of the Settlements with Defendants Packaging Corporation of America, Inc., Tenneco, Inc. And Tenneco Packaging Inc. and with Defendants Stone Container Corporation, Jefferson Smurfit Corporation, and Smurfit Stone Container Corporation.

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**