IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE LINERBOARD ANTITRUST LITIGATION | ) <br> ) MDL No. 1261 <br> ) <br> ) |
| THIS DOCUMENT RELATES TO: <br> Civil Action Numbers 98-5055 <br> and 99-1341 | ) <br> ) <br> ) <br> ) <br> ) |

## TWENTY-FOURTH CASE MANAGEMENT ORDER

**AND NOW**, this 13th day of September, 2006, at the request of the direct action plaintiffs for an amended scheduling order, there being no objection, and good cause appearing, **IT IS ORDERED** that all lawsuits filed by former class members who opted out of the classes as certified by the Court ("direct actions") shall proceed as follows:

A. **Liaison Counsel**

1. Richard J. Leveridge, Esquire, of the firm of Dickstein Shapiro LLP, shall continue to serve as liaison counsel for all plaintiffs in all direct actions and shall continue to keep the Court advised of the status of all direct actions.

2. Stephen D. Brown, Esquire, of the firm Dechert LLP, shall continue to serve as liaison counsel for the remaining defendants. Liaison counsel shall perform those functions set forth in the Court's October 4, 2000, Practice and Procedure Order, ¶ 7.

B. **Transfer of Direct Actions**

All conditional transfer orders issued by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation have become final. No new direct actions have been filed in state or federal court.

### C. Pleadings

The pleadings in all direct actions are closed.

### D. Fact Discovery in Direct Actions

1. All fact discovery in all direct actions formally closed on August 4, 2006.[1]

2. Plaintiffs shall answer Contention Interrogatories, as follows:

    a. Plaintiffs shall serve full and complete responses to Contention Interrogatories on or before September 22, 2006. Defendants will be permitted to proceed with follow-up discovery regarding the Answers to Contention Interrogatories if deemed appropriate by the Court.

    b. Plaintiffs shall individuate the defendants with respect to each answer to Contention Interrogatories. It will not be necessary for plaintiffs to file separate sets of Answers to Contention Interrogatories for each defendant.

    c. Plaintiffs' Answers to Contention Interrogatories must be sufficiently detailed to apprise defendants of all of plaintiffs' contentions and the principal evidence in support of such contentions.[2]

    d. Plaintiffs are not required to verify the Answers to Contention Interrogatories.

3. Defendants shall answer Contention Interrogatories, as follows:

    a. Defendants shall serve full and complete responses to Contention Interrogatories on or before December 22, 2006. Plaintiffs will be permitted to

---

[1] Certain agreed-upon fact discovery is continuing with permission of the Court.

[2] See Order dated October 21, 2003.

proceed with follow-up discovery regarding the Answers to Contention Interrogatories if deemed appropriate by the Court.

      b.  Defendants shall individuate the plaintiffs with respect to each answer to Contention Interrogatories.  It will not be necessary for defendants to file separate sets of Answers to Contention Interrogatories for each plaintiff.

      c.  Defendants' Answers to Contention Interrogatories must be sufficiently detailed to apprise plaintiffs of all of defendants' contentions and the principal evidence in support of such contentions.[3]

      d.  Defendants are not required to verify the Answers to Contention Interrogatories.

**E.  Expert Discovery and <u>Daubert</u> Motions in Direct Actions**

1.  On or before September 22, 2006, plaintiffs' expert reports together with production of all backup shall be served.  Depositions of plaintiffs' experts shall be taken by October 27, 2006.

2.  On or before December 22, 2006, defendants' expert reports together with production of all backup shall be served.  Depositions of defendants' experts shall be taken by January 12, 2007.

3.  On or before February 2, 2007, plaintiffs' rebuttal expert reports together with production of all backup shall be served.  Depositions of plaintiffs' experts on rebuttal issues shall be taken by March 2, 2007.

4.  On or before March 23, 2007, <u>Daubert</u> motions, if any, shall be filed and served.  Responses shall be filed and served on or before April 27, 2007.  Reply briefs shall be filed and served on or before May 11, 2007.

---

[3] <u>Id.</u>

5.  A hearing on any <u>Daubert</u> motions, if necessary, shall be held on Friday, June 15, 2007, at 10:30 A.M., in Courtroom 12-B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

**F.    Dispositive Motions in Direct Actions**

1.  On or before September 22, 2006, defendants shall file and serve any dispositive motions relating to the right to assert claims similar to defendants' motion for summary judgment directed to plaintiff FAC Acquisition, LLC (Document No. 750, filed October 17, 2005). Responses shall be filed and served on or before October 6, 2006. Reply briefs shall be filed and served on or before October 13, 2006.

2.  On or before March 23, 2007, all dispositive motions other than those described in paragraph F(1) above shall be filed and served. Responses shall be filed and served on or before May 4, 2007. Reply briefs shall be filed and served on or before May 25, 2007.

3.  Oral argument on any dispositive motions submitted pursuant to paragraph F(2) above, if deemed necessary by the Court, shall be held on Friday, June 29, 2007, at 10:30 A.M., in Courtroom 12-B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania. In the event the Court determines that oral argument is necessary on any dispositive motions submitted pursuant to paragraph F(1) above, the Court will notify the parties.

**G.    Discovery Disputes in Direct Actions**

1.  The parties are not required to follow all of the principles and guidelines for depositions set forth in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D. Pa. 1993). The Court directs the parties to proceed with discovery in accordance with guidelines provided at the status conferences held on June 9, July 10, August 8, 2003, and thereafter. In addition, the parties may

avail themselves of the Court's guidance on discovery matters as circumstances may suggest including, but not limited to, seeking advice with respect to the propriety of deposition questions during the course of a deposition by telephone conference.

2. In the event a discovery dispute arises which the parties are unable to resolve, the party seeking the discovery shall write the Court briefly setting forth the issues in dispute. The letter to the Court shall describe the issue in dispute without advocating. The opposing party or parties shall respond briefly with no detail and designate to the Court in writing the counsel who will handle the dispute. The Court then will either schedule a conference to resolve the issue, which may be held by telephone, or will set forth a schedule for briefing of the issue and oral argument, if necessary.

### H. Privileges Preserved

No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

### I. Status Conference

The Court will hold a status conference with liaison counsel on Wednesday, October 11, 2006 at 4:30 P.M. Any other attorneys interested in participating in the October 11, 2006 telephone conference may do so. Liaison counsel for direct action plaintiffs, Richard J. Leveridge, shall initiate the telephone conference. The Court will address during the October 11, 2006 conference any matters which are ripe for discussion. Any materials the parties intend to submit for consideration during the status conference should be presented to the Court no later than 5:00 p.m. on Friday, October 6, 2006.

The October 11, 2006 status conference will be recorded. Further telephone status conferences will be scheduled during the October 11, 2006 telephone conference.

**J.     Trial**

The following applies to any direct actions that will be tried in this Court:

1. On or before July 20, 2007, the parties shall exchange pre-marked copies of all exhibits.

2. On or before August 24, 2007, the parties shall file and serve (a) motions in limine (excepting Daubert motions); (b) proposed jury voir dire questions; (c) proposed jury instructions with pinpoint citations of authority for each point (ONE POINT PER PAGE); (d) proposed jury interrogatories; (e) a trial memorandum on the legal issues involved in the case; (f) a joint proposed statement of the case to be read to the jury; (g) an exhibit list briefly describing each exhibit; and, (h) a witness list identifying each witness and the subject of his/her testimony.

If a model jury instruction taken, for instance, from O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, or Sand, Modern Federal Jury Instructions is submitted, the parties shall state whether the proposed jury instruction is unchanged or modified. If a party modifies a model jury instruction the modification shall be set forth in the following manner: additions shall be underlined and deletions shall be placed in brackets.

The joint written statement of the case for reading to the jury at the commencement of the trial which shall cover (a) a brief statement of the facts; (b) a brief statement of plaintiffs' causes of action and the essential elements of each cause of action; and, (c) a brief statement of the defenses and the essential elements of each affirmative defense. The statement of the case shall not exceed five (5) pages in length.

3. Objections to the trial submissions identified in the preceding paragraph including responses to any motions in limine shall be filed and served on or before September 14, 2007.

4.  A Final Pretrial Conference shall be held on Friday, October 12, 2007, at 10:30 A.M, in Courtroom 12-B, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  The agenda for the Conference shall include:

    (a) consolidation;

    (b) bifurcation;

    (c) separate trials;

    (d) objections to the trial submissions;

    (e) motions in limine;

    (f) publicity; and,

    (g) jury selection.

The parties are granted leave to add matters to the agenda by notice to the Court at least one (1) week before the Final Pretrial Conference.

5.  Trial or trials of this matter shall begin on Tuesday, November 13, 2007, at 10:00 A.M., in Courtroom 12-B, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

**K.     Service of Copies of Papers on Court**

Two (2) copies of each motion, response and reply, and all trial submissions, shall be served on the Court (Chambers, Room 12613) when the originals are filed.

**BY THE COURT:**

/s/ Honorable Jan E. DuBois
**JAN E. DUBOIS, J.**